awarded defendant Xiaoming 900,000 shares and defendant Wang 500,000 shares of the Company's common stock pursuant to Kandi's Omnibus Long-Term Incentive Plan (the "Plan"). The Plan provides a mechanism for the Compensation Committee to award the members of the Board and the Company's executive officers based on the Company's performance. As such, the Compensation Committee Defendants awarded shares of the Company's stock to defendants Xiaoming and Wang for the purported successful performance of the Company.

111. In reporting their compensation decisions to shareholders, the Compensation Committee Defendants justified granting performance based awards to the Company's officers and directors partially based on the purported success of the Company's business, operations and prospects. Thus, the Compensation Committee Defendants approved executive officers' and directors' continued and excessive compensation and presided over an utter failure of corporate governance by permitting the Company to suffer from a widespread and pervasive deficiency of internal controls for years. In so doing, any demand upon the Compensation Committee Defendants is futile, and therefore excused.

112. The Plan provides that defendants Xiaoming and Wang are entitled to bonus share grants in the event that certain objective financial goals were met by the Company. When the Company restated its financial reports, it was made known to the Compensation Committee and the Board that defendants Xiaoming and Wang had not met the financial goals entitling them to bonuses under the Plan as described in the 2015 and 2016 Proxy Statements.

113. Because defendants Xiaoming and Wang had not been entitled under the Plan to the bonuses the Compensation Committee awarded them as described in the 2015 and 2016 Proxy Statements, the Company was entitled to claw back those mistaken distributions, particularly since defendants Xiaoming and Wang participated in the creation of the false and misleading financial

statements and proxy statements described above.

114. The Compensation Committee has failed to claw back any ill-gotten proceeds under the Plan that have been wrongly issued to defendants Xiaoming and Wang as described in the 2015 and 2016 Proxy Statements and has made no effort to do so at the time this Complaint was filed.

115. In making their decision to permit defendants Xiaoming and Wang to retain the awards they received through their improper conduct, the Compensation Committee Defendants have demonstrated that they are not impartial to Defendants Xiaoming and Wang for the conduct alleged herein.

### Additional Reason for Demand Futility

116. Kandi's officers and directors are protected against personal liability for their acts of mismanagement and violations of federal securities law alleged in herein by directors' and officers' liability insurance which they caused the Company to purchase for their protection with corporate funds, *i.e.*, monies belonging to the stockholders of Kandi. Upon information and belief, however, there have been certain changes in the language of directors' and officers' liability insurance policies in the past few years and the directors' and officers' liability insurance policies covering the Defendants in this case contain provisions that eliminate coverage for any action brought directly by Kandi against these Defendants, known as, *inter alia*, the "insured versus insured exclusion." As a result, if these directors were to sue themselves or certain of the officers of Kandi, there would be no directors' and officers' insurance protection and thus, they will not bring such a suit. On the other hand, such insurance coverage exists for this action, which is brought derivatively, and will provide a basis for the Company to effectuate a recovery. Thus, demand on the Director Defendants is futile, and therefore, excused.

## FIRST CAUSE OF ACTION

### Against Defendants for Breach of Fiduciary Duties

117. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

118. Defendants owe the Company fiduciary obligations. By reason of their fiduciary relationships, Defendants owed and owe the Company the highest obligation of good faith, fair dealing, loyalty, and due care.

119. Defendants violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, and good faith.

120. Defendants engaged in a sustained and systematic failure to properly exercise their fiduciary duties. In breach of their fiduciary duties owed to the Company, Defendants caused the Company to issue false and misleading statements and/or omit material adverse information in its financial statements throughout the Relevant Period, and failed to properly oversee the Company's business, rendering them personally liable to the Company for breaching their fiduciary duties.

121. Defendants had actual knowledge of the above misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth, in that they failed to ascertain and to disclose such facts, even though such facts were available to them.

122. As a direct and proximate result of Defendants' failure to perform their fiduciary obligations, the Company has sustained significant damages. As a result of the misconduct alleged herein, Defendants are liable to the Company.

123. As a direct and proximate result of Defendants' breach of their fiduciary duties, the Company has suffered damage, not only monetarily, but also to its corporate image and goodwill.

124. Such damage includes, among other things, costs associated with defending

securities lawsuits, severe damage to the share price of the Company, resulting in an increased cost of capital, the waste of corporate assets, and reputational harm.

## SECOND CAUSE OF ACTION

### Against Defendants for Gross Mismanagement

125. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

126. By their actions alleged herein, Defendants, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of the Company in a manner consistent with the operations of a publicly held corporation.

127. As a direct and proximate result of Defendants' gross mismanagement and breaches of duty alleged herein, the Company has sustained significant damages in excess of millions of dollars.

128. Because of the misconduct and breaches of duty alleged herein, Defendants are liable to the Company.

## THIRD CAUSE OF ACTION

### Against Defendants for Unjust Enrichment

129. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

130. By their wrongful acts and the omissions of material fact that they caused to be made, Defendants were unjustly enriched at the expense of, and to the detriment of, the Company.

131. Defendants either received bonuses, stock options, or similar compensation from the Company that was tied to the financial performance or artificially inflated valuation of the

Company or received compensation that was unjust in light of Defendants' bad faith conduct.

132. In particular, for the fiscal year ended December 31, 2015, stock-based compensation for Kandi's management was $22,306,987. Form 10-K, at F-7, filed with the SEC on March 14, 2016 (the "2015 Annual Report"). The over $22 million in stock-based compensation awarded to the Company's management in 2015 accounted for 78% of gross profits and more than 68% of the Company's operating expense. In the first half of fiscal year 2016, stock-based compensation rose to $15,134,658, an increase of over 200% from the same period in the prior year. Form 10-Q, at 4, filed with the SEC on August 9, 2016 (the "Q2 2016 10-Q"). Such excessive and unjust compensation paid to the Company's officers and/or directors was based on the wrongful conduct described above, including Defendants' participation in and perpetration of the subsidy fraud scheme leading to the Company having to adjust its financial statements.

133. Plaintiffs, as shareholders and representatives of the Company, seek restitution from Defendants and seek an order from this Court disgorging all profits, benefits, and other compensation, including any performance-based or valuation-based compensation, obtained by Defendants due to their wrongful conduct and breach of their fiduciary duties.

### FOURTH CAUSE OF ACTION

#### Against Defendants for Violations of
#### Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9

134. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

135. Rule 14a-9 was enacted pursuant to § 14(a) of the Securities Exchange of 1934, and provides in relevant part:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the

circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading…

136. In this case, the Company's 2015-2016 Proxy statements violated § 14(a) and Rule 14a-9 because each omitted material information regarding Defendants wrongful conduct, and included by reference materially false and misleading financial statements.

137. Defendants caused the Company to issue the 2015 and 2016 Proxy Statements containing false and misleading information and/or failed to disclose material adverse information about the Company.

138. In the exercise of reasonable care, Defendants should have known that the statements contained in the 2015 and 2016 Proxy Statements were materially false and misleading.

139. The misrepresentations and omissions in the 2015 and 2016 Proxy Statements were material to Company shareholders in voting on each of these proxies.

140. As a proximate result of Defendants' material misrepresentations and omissions in the 2015 and 2016 Proxy Statements, the Company was damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment in the Company's favor against all Defendants as follows:

A. Declaring that Plaintiffs may maintain this action on behalf of Kandi and that Plaintiffs are adequate representatives of the Company;

B. Determining and awarding to Kandi the damages sustained by it as a result of the violations set forth above from each of the defendants, jointly and severally, together with interest thereon;

C. Directing Kandi and the defendants to take all necessary actions to reform and